JANET M. HEROLD
Regional Solicitor
MARC A. PILOTIN (CSBN 266369)
Counsel for Wage and Hour Litigation
DANIELLE L. JABERG (CSBN 256653)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: 415/625-7750
Facsimile: 415/625-7772
jaberg.danielle@dol.gov
*Attorneys for Plaintiff R. Alexander Acosta*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R. Alexander Acosta,<br>    Secretary of Labor,<br>        United States Department of Labor,<br><br>                                    Plaintiff,<br>            v.<br>K.L.A.S.S. Services, Inc., a corporation; Kent Sheppard, an individual; and Adam Sheppard, an individual,<br><br>                                    Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

The Fair Labor Standards Act ("FLSA") requires that all employees be paid the full wages due for all hours worked, including payment of an overtime premium for all hours worked in excess of forty in a workweek. Here, Defendants have denied their workers payment of the full lawful wages due. Defendants' actions harm not only their own employees but also law-abiding employers who face unfair competition in the marketplace by Defendants' illegal activity. The Secretary thus brings this case to rectify Defendants' actions with respect to their employees, competitors, and the significant public interests at stake.

## NATURE OF THE ACTION

1. Plaintiff R. Alexander Acosta, Secretary of Labor for the United States Department of Labor ("the Secretary"), is charged with enforcing the FLSA in order to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the broader public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who pay their employees subminimum wages.

2. In this action, the Secretary seeks to enjoin Defendant K.L.A.S.S. Services, Inc. ("K.L.A.S.S. Services"), an Arizona corporation; Kent Sheppard, an individual; and Adam Sheppard, an individual (collectively, "Defendants") from violating the FLSA under Section 17 of the FLSA, 29 U.S.C. § 217; and to recover all wages due, including unpaid overtime premiums, from at least March 20, 2015 through the present ("Subject Period") owed under the FLSA to Defendants' employees, including those listed by name on the attached Exhibit A to this Complaint, together with an equal amount as liquidated damages, under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

# JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under Section 17 of the FLSA, 29 U.S.C. § 217 (injunction proceedings to restrain violations of Section 15 of the Act); by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

4. Venue lies in the District of Arizona pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in Arizona.

# DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

5. Defendant K.L.A.S.S. Services is a corporation organized and existing under the laws of Arizona. Defendant K.L.A.S.S. Services provides grading, excavation, concrete repair and landscape preparation services for construction in and around the Phoenix Metropolitan area, with its principal place of business in Litchfield Park, Arizona.

6. Defendant Kent Sheppard is the President, Chief Executive Officer, and an owner of Defendant K.L.A.S.S. Services and, based on information and belief, at all relevant times acted directly or indirectly in the interest of K.L.A.S.S. Services in relation to its employees, including determination of employment practices. He resides within the jurisdiction of this Court.

7. Defendant Adam Sheppard is the Project Manager of Defendant K.L.A.S.S. Services and at all relevant times acted directly or indirectly in the interest of K.L.A.S.S. Services in relation to its employees, including hiring, firing, and supervising employees; making work assignments; maintaining employment records; and determining other employment practices. He resides within the jurisdiction of this Court.

8. At all relevant times, K.L.A.S.S. Services has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and other employees not listed on Exhibit A to this Complaint during the Subject Period who are not known to the Secretary at this time. As

the Secretary becomes aware of any such other employees, he will add them at the appropriate time to Exhibit A.

9. At all relevant times, Kent Sheppard is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to K.L.A.S.S. Services' employees.

10. At all relevant times, Adam Sheppard is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to K.L.A.S.S. Services' employees.

11. At all relevant times, Defendant K.L.A.S.S. Services has been an "enterprise," as defined in FLSA Sections 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

12. Defendant K.L.A.S.S. Services is and at all relevant times was engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that said enterprise at all relevant times had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and an annual gross volume of sales done of not less than $500,000. As such, Defendant K.L.A.S.S. Services is and has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA § 3(s), 29 U.S.C. § 203(s).

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

13. In at least one workweek since at least March 20, 2015, Defendants have willfully and repeatedly violated, and continue to violate, Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay their employees at rates not less than one and one-half times the employees' regular rate of pay in workweeks when the employees worked more than forty hours. During the Subject Period, Defendants failed

to pay one and one-half times the employees' regular rate of pay for overtime hours worked in weeks when the employees worked over 40 hours during that workweek.

14. Defendants have willfully violated, and continue to violate, Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make available (to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their written demand for such access), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required under 29 C.F.R. Part 516.

## FIRST CLAIM FOR RELIEF

### Failure to Pay Overtime Premiums in Violation of the FLSA

15. Defendants have violated and continue to violate Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing their employees engaged in commerce or in an enterprise engaged in commerce, for workweeks longer than 40 hours without compensating the employees for all their employment in excess of 40 hours in such workweeks at rates not less than one and one-half the regular rates at which they were employed.

16. At all relevant times, Defendants have willfully violated and continue to violate Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, and continue to employ, workers without properly compensating them. Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a judgment that enjoins and restrains this violation, including restraining Defendants from withholding payment of unpaid overtime compensation found by the Court to be due to present and former employees, including the persons named on the attached Exhibit A, as well as any employee whose identity becomes known to the Secretary after the filing of this Complaint.

## SECOND CLAIM FOR RELIEF

### Violation of Recordkeeping Provisions of the FLSA

17. Defendants have violated and continue to violate Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by 29 C.F.R. part 516.

18. At all relevant times, Defendants have willfully violated and continue to violate Section 11(c) of the FLSA, 29 U.S.C. § 211(c).  Defendants have created and continue to create and maintain inaccurate and incomplete records of employees' hours worked and wages paid, even though they knew or should have known that this conduct violates the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, good cause having been shown, the Secretary prays for judgment against Defendants as follows:

(a) For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA, including Sections 7, 11 and 15(a)(2), of the FLSA, 29 U.S.C. §§ 207, 211 and 215(a)(2); and

(b) For an Order:

(1) Under Section 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants liable for all wages due, including overtime compensation, from at least March 20, 2015 through the present, to all of Defendants' employees including the employees listed in the attached Exhibit A and other employees not presently known to the Secretary, and an additional equal amount as liquidated damages; or

(2) In the event liquidated damages are not awarded, under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages

found to be due, from at least March 20, 2015 through the present, to Defendants' employees, and pre-judgment interest at an appropriate interest rate;

(c) For an Order providing such further legal and equitable relief as may be deemed necessary or appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA by the Secretary due to Defendants' actions to confuse the workers as to their rights under the FLSA and/or to intimidate or coerce them from exercising their rights and status as an employee, and failure; and

(d) For an Order awarding the Secretary the costs of this action;

Respectfully submitted,

Dated: August 24, 2018

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

MARC A. PILOTIN
Counsel for Wage and Hour Litigation

/s/*Danielle L Jaberg*
DANIELLE L. JABERG
Senior Trial Attorney
*Attorneys for the Secretary, U.S. Department of Labor*

# EXHIBIT A

1. Angulo Espinoza, Alberto
2. Armenta, Alberto
3. Barrios, Jose J
4. Campos, Luis
5. Castro Uriarte-Sergio
6. Chavarria, Alejandro
7. Delano, Jim J
8. Delgado, Gloria
9. Delgado, Sergio
10. Delgado Flores, Gabriel
11. Duran, Arturo
12. Duran Valerio, Guadalupe
13. Escobedo, Gonzalo
14. Gallegos, Omar
15. Gastelum, Jose
16. Garcia Lopez, Raul
17. Garcia Torres, Abelardo
18. Gomez, Humberto
19. Gonzalez, Samuel
20. Gonzalez Munoz, Monserrat E
21. Gutierrez, Cruz R
22. Gutierrez, Eucebio
23. Gutierrez, Raul
24. Hernandez, Dionisio
25. Higuera, Jose
26. Ibarra, Simon
27. Ibarra Gutierrez, Hugo

1  28. Leon, Jose G
2  29. Leyva, Alberto
3  30. Martin, German
4  31. Montez, Marlo
5  32. Murrieta, Ruben
6  33. Noriega, Francisco J
7  34. Ochoa, Santos C
8  35. Ochoa Baez, Santos C
9  36. Pacheco-Delgado, Nestor
10 37. Perez, Camino D
11 38. Perez, Eduardo A
12 39. Ramos, Lorenzo
13 40. Rangel, Jose
14 41. Reyes Jr, Omar J
15 42. Rojas, Ramon
16 43. Saldivar Najera, Victor
17 44. Santilian, Casimiro
18 45. Soto, Carlos
19 46. Stock, David E
20 47. Valdez Antonez, Pedro
21 48. Valdez, Antonez, Pedro
22 49. Valencia, David
23 50. Valenzuela, Abel
24 51. Valenzuela, Maro H
25 52. Valenzuela Deigado, Mario A
26 53. Villa-Gomez, Valentine
27 54. Yazzie, Sheldon
28