# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Scalia, Secretary of Labor, United States Department of Labor,[1]<br><br>Plaintiff,<br><br>v.<br><br>KLASS Services Incorporated, et al.,<br><br>Defendants. | No. CV-18-02735-PHX-DLR<br><br>**CONSENT JUDGMENT** |

The Court has reviewed the parties' Consent Judgment and Order. (Doc. 29.)

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants K.L.A.S.S. Services, Inc., Kent Sheppard, individually and as managing agent of the corporate Defendant and Adam Sheppard, individually and as managing agent of the corporate Defendant (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment & Order.

**IT IS ORDERED** as follows:

A.  The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

B.  Defendants are represented by counsel, acknowledge receipt of a copy of

---

[1] Eugene Scalia was appointed Secretary of Labor effective September 30, 2019. Pursuant to Fed. R. Civ. P. 25(d) the caption has been changed to reflect the appointment.

the Plaintiff's Complaint in this matter and waive answer and any response to the Complaint.

C. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District of Arizona.

D. The Secretary filed a Complaint in this matter alleging that Defendants violated Sections 7, 11(c), 15(a)(2) and 15(a)(5), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 215(a)(5) of the Fair Labor Standards Act of 1938, 29 U.S.C. 201 *et seq*. ("FLSA" or "Act") when, during the period from July 15, 2015 through and including March 16, 2018, they failed to pay their employees overtime required by the Act and failed to make and keep appropriate records demonstrating overtime payments, also required by the Act. It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this Consent Judgment (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2), and 215(a)(5), in any of the following manners:

1. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives the applicable overtime premium for his or her employment in excess of 40 hours in such workweek. This provision applies to all employees, including employees hired on a probationary basis.

2. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their reasonable demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations

issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.  Among other things, Defendants must accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including (1) all hours worked by employees each workday and workweek (including start and stop times for unpaid meal breaks); (2) the rate(s) of pay for each of the hours worked during a workweek; (3) the total weekly straight-time earnings due for the hours worked during the workweek; and (4) the total premium pay for overtime hours. Each employee shall also have the right to inspect Defendants' time records and payroll records relating to himself/herself.

      3.      Defendants and their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages due under this Consent Judgment to any employee, or threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment or exercise of their rights under the Judgment or the FLSA.

      4.      Within six (6) months of the date that the Court enters this Consent Judgment, Defendants shall hire an independent trainer to conduct training as to the requirements of the FLSA.  The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, disclosure, and anti-retaliation requirements.  The training shall also address hours' worked/compensable time.  All of Defendants' employees, management, supervisors and individuals who determine the employees' pay and/or schedules and/or who prepare payroll shall attend this training.  The training shall be considered compensable time for which all employees in attendance shall receive pay. Defendants shall maintain documentation of the identified training for a period of two (2) years and shall provide it to representatives of the Secretary of Labor upon request.  The documentation must include without limitation a list of attendees (with their signatures),

the content of the training, including any materials used, distributed or referenced during the training, and the date, time and location of the training. This provision shall be in effect for a period of two (2) years from the date of entry of this Consent Judgment by the Court.

5.   Within thirty (30) days of the entry of this Consent Judgment, Defendants shall distribute to all current employees a copy of the attached Exhibit B, entitled Notice of Employee Rights, which summarizes terms of this Consent Judgment and the employees' rights under the FLSA, in English and Spanish.  In addition, Defendants shall provide copies of Exhibit B to all new hires, and conspicuously post copies in all locations that are frequented by employees and where it is visible.  This provision shall be in effect for a period of two (2) years from the date of entry of this Consent Judgment by the Court.

6.   Defendants K.L.A.S.S. Services, Inc. and Kent Sheppard, jointly and severally, shall not continue to withhold the amount of $181,000 which constitutes the amount in overtime pay hereby found to be due under the FLSA to forty-eight (48) employees who were employed by Defendants during the period of July 15, 2015 through and including March 16, 2018.

7.   IT IS FURTHER ORDERED AND ADJUDGED that the Secretary shall also have and recover from the Defendants K.L.A.S.S. Services, Inc., jointly and severally, the additional amount of $181,000 as liquidated damages hereby found to be due under the FLSA.

The employees owed backwages and liquidated damages are set forth in the attached Exhibit A, which shows, for each worker, the name and the net amount due each worker (backwage amount found due, the amount owed in liquidated damages, plus applicable interest).  The entire period covered by this Consent Judgment is July 15, 2015 through and including March 16, 2018.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to Sections 16(c) and 16(e) of the FLSA, 29 U.S.C. §§ 216(c), (e), jointly and severally against Defendants

and in favor of the Secretary.

FURTHER, JUDGMENT IS HEREBY ENTERED against Defendants K.L.A.S.S. Services, Inc. and Kent Sheppard, jointly and severally, in the total amount of $362,000 in favor of the Secretary. Defendants K.L.A.S.S. Services, Inc. and Kent Sheppard have elected to pay the judgment due pursuant to an installment plan, *see* Exhibit C. Simple interest shall be assessed on the installment plan, for a total judgment due in favor of the Secretary in the amount of $365,620.00.

8. To satisfy the monetary provisions of this Consent Judgment ($365,620.00), on or before October 15, 2019, Defendants K.L.A.S.S. Services, Inc. and Kent Sheppard shall deliver their first payment in the amount of $33,000.00 to the Wage and Hour Division, U.S. Department of Labor, Phoenix District Office, 230 N. 1st Avenue, Suite 402, Phoenix, AZ 85003 the following: a schedule or spreadsheet showing the name of each employee along with his/her address, landline and mobile phone numbers, the gross backwages paid, the net amount after legal deductions have been made, and the amount of liquidated damages paid (equal to the gross backwages paid). Thereafter, Defendants K.L.A.S.S. Services, Inc. and Kent Sheppard shall deliver subequent payments to the Wage and Hour Division, U.S. Department of Labor, Phoenix District Office, 230 N. 1st Avenue, Suite 402, Phoenix, AZ 85003 in accordance with terms set forth on Exhibit C. Each required payment shall include the following: a schedule or spreadsheet showing the name of each employee along with his/her address, landline and mobile phone numbers, the gross backwages paid, the net amount after legal deductions have been made, and the amount of liquidated damages paid (equal to the gross backwages paid).

a. The Secretary shall distribute the funds, or the proceeds thereof, to the persons named in Exhibit A and any money not so paid within a period of three years, because of an inability to locate the proper persons or because of their refusal to accept it, shall then be deposited in the Treasury of the United States as miscellaneous receipts, pursuant to 29 U.SC. 216(c).

Case 2:18-cv-02735-DLR   Document 30   Filed 11/06/19   Page 6 of 7

    b. In the event of any default in paying the full amount due hereunder, any such amount due under this Consent Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Consent Judgment until paid in full.

  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Consent Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on Exhibit A nor as to any employee named on Exhibit A for any period not specified herein.

  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

  Dated this 5th day of November, 2019.

_____
Douglas L. Rayes
United States District Judge

- 6 -

| FOR PLAINTIFF EUGENE SCALIA | FOR DEFENDANTS K.L.A.S.S. SERVICES, INC., KENT SHEPPARD AND ADAM SHEPPARD |
|---|---|
| JANET M. HEROLD<br>Regional Solicitor<br><br>SUSAN SELETSKY<br>Counsel for Wage & Hour Litigation<br><br>By: /s/ Danielle Jaberg<br>DANIELLE L. JABERG<br>Senior Trial Attorney<br><br>On this 1 day of November, 2019.<br><br>U.S. Department of Labor<br>Office of the Solicitor<br>90 7th Street, Suite 3-700<br>San Francisco, California 94103 | By: /s/ Pamela L. Kingsley<br>PAMELA L. KINGSLEY<br>Attorney for Defendants K.L.A.S.S. Services, Inc., Kent Sheppard and Adam Sheppard<br><br>On this 31st day of October, 2019.<br><br>Tiffany & Bosco, P.A.<br>Camelback Esplanade II, 7th Floor<br>2525 E Camelback Road<br>Phoenix, Arizona 85016 |